KEVIN ANGILERI
46150 W. Windmill Dr.
Maricopa, AZ 85139
480/433-5653

Defendant Pro Se

FILED BY _cos_ ___ D.C.

JUN 26 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF SOUTHERN FLORIDA

| | |
|---|---|
| JANE KOE ) | No. 9:20-cv-80147 RLR |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | MOTION TO DISMISS FOR |
| AMAR CHANDER MAINI, et al ) | LACK OF PERSONAL |
| ) | JURISDICTION |
| (Kevin Angileri) ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

Comes now defendant Kevin Angileri and moves this court to dismiss this

action against him upon the second amended complaint, Dkt. 15, for want of

specific personal jurisdiction.  Walden v. Fiore, 571 U.S. 277 (2014), discussed

below.

All record numerical references below are to the docket entry at that cited

number and the page or paragraph of that document.

Dated this 19 day of June, 2020.

KEVIN ANGILERI
Defendant Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    FACTS

Plaintiff is "a law student" (15, p. 1; paras. 2, 12), and also a "fine artist,

and couturier" (id.), with other business endeavors (id.)1 who sues pro se "under

a pseudonym".  She claims a "country-wide" extortion scheme (15, para. 1) of

fraud, defamation, racketeering, and other torts between defendants from

Canada, Australia, Ohio, Arizona (this defendant's state of residence), and other

places, arising out of an amorous relationship with defendant Amar Chander

Maini (15, paras. 3ff) which relationship went south, resulting in much derogatory

information about plaintiff being placed by him on the internet, that salacious

material allegedly then republished on line by the other defendants.  The

gravamen of the complaint seems to be

> "[b]ased on information and belief, Maini is determined
> to affect Plaintiff's ability to marry another suitor who is far
> richer, smarter, more virtuous, and more accomplished that he
> is"

15 at para. 45.

Plaintiff lives "full-time in neither Australia nor the United States" (15, para.
42.    "She has been studying law abroad in the United Kingdom since January
of 2019, as part of a dual degree program with her United States law school . . .
She is studying to be a trial lawyer in the U.S. and a barrister in the U.K."   While
it can be calculated from para. 42 in 15 that she is 28 years old, she in addition to
all of the above, has done "scientific research at a university medical hospital"
upon a rare disease, applied for a patent for her invention.  When her social life

---

[1]  These endeavors include apparently the matters in 15 at para. 10, i.e.,
involve-ment in the fashion business full time, to wit, "[p]laintiff had to cancel
press for four Paris Fashion Week shows, lay off numerous members of her staff,
and delay the launch of new products due to the extensive smear campaign" of
defendants.

went askew, she went to Florida to seek a restraining order against Amar Chander Maini (id.) for all the defamatory and invasive activity sued upon.   (She does not allege the results of those proceedings, i.e., whether that other court took jurisdiction or not.)

She has been to Australia four times, roomed with a cousin who was a "law topper at Sydney and Oxford" and while there gained the knowledge she needed to commence marketing "bestselling designs [that] [p]laintiff is now known for designing and selling wholesale" (id.)   The only liquidated figure as to damages is in 15, para. 10, and it appears to have occurred while plaintff was in France (see fn. 1, above), and as a result of the four cancelled fashion shows.

Nowhere is it alleged that in Florida Amar Chander Maini's scorched internet earth campaign began or took place (15, para. 45).   However salacious Maini's conduct, importantly for this motion by this defendant, plaintiff alleges no explicit scheme involving him and the other defendants, but only that, given the nature of the other defendants' businesses in general of re-posting salacious information, etc., that "[i]t is apparent" that they (including this defendant by name) "all played an important part in the "reposting and spreading of this malicious libel" (id.)

None of this alleged activity is said to have occurred in southern Florida. Since one can access the world wide web from Florida as well as anywhere else, the defamation here could as well could have occurred in Iowa or India, and plaintiff's damages would be the same.   Crucially, and jurisdictionally fatal for plaintiff, she places in her complaint facts <u>about her injuries</u> as jurisdictional facts for Florida as the forum, despite the premise that the jurisdictional inquiry must be done with respect to the <u>defendant'</u>s link with the chosen forum state, it being well established that

> "[t]he proper focus of the 'minimum contacts' inquiry in intentional-tort cases is 'the relationship among the defendant, the forum, and the litigation.'"

<u>Walden v. Fiore</u>, 571 U.S. 277 (2014), quoting <u>Calder v. Jones</u>, 465 U.S. 783

(1984), last paragraph of <u>Walden</u>.   This defendant is not alleged to have done

anything in southern Florida.   He does not live there and has no business or

other connection there.   Indeed, there is no allegation to that end in the

complaint.

Most of the other defendants, including this defendant, are alleged to be persons or entities who re-post defamatory material and then offer services to remove it.  (15, paras. 6ff).   While on the merits this defendant denies any involvement or knowledge at all of this activity, he need not go through a trial or disposition on the merits in Florida.  This court, sitting in the State of Florida, simply has no personal jurisdiction of this defendant as to the acts alleged, which, as noted, are not even alleged to have occurred in Florida.   This defendant does not live in Florida and has not done business there (a question for general jurisdiction in any event, and not the subject of this motion).

The complaint nowhere alleges just what it is that this defendant did in Florida, or what any other defendant did, or intended to occur, in Florida, other than to just allege general collaboration by the sundry defendants with Maini a) in the further publication of the defamation and b) charging for specious services said to be able to remove the defamation, republished or otherwise. Whenever plaintiff mentions this defendant's name in the complaint, she makes sure the reader knows that he has a prior felony conviction, a conviction, she will concede, occurred years earlier and without regard to her present predicament, and, it is noted at 15, para. 23, a conviction she wrongly describes.  This defendant stands convicted bust not for the seamy crime alleged (id.).   See also 15 at 6, 57(b), reference to defendant as a "parolee."   This defendant has never been on federal parole or any other kind of parole.

The Supreme Court has settled the jurisdictional issue in this defendant's favor.  See Walden v. Fiore, 571 U.S. 277 (2014), infra.  The court must dismiss.

## II.      STANDARD OF REVIEW

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has a "fair notice of what the... claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal citations omitted).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level.  Id.  Rule 8(a)(2) "requires a 'showing', rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id., citing 5 C. Wright & A. Miller, Federal Practice and Procedure 1202, pp.94, 95 (3d ed. 2004).

The Rule 8 pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).  A complaint that offers nothing more than naked assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." Iqbal, 129 S.Ct. at 1949.

Here there are insufficient facts as a matter of law to enable this court to take jurisdiction of this defendant.

III.    DISCUSSION

A.  In Walden v. Fiore, 571 U.S. 277 (2014), the court held that a federal court in Nevada lacked specific personal jurisdiction over claims that Nevada residents brought against a Georgia police officer.   The officer had seized $97,000 in cash from them in the Atlanta, Georgia, airport, when they were on a layover awaiting a flight to Las Vegas following a trip to Puerto Rico. The Court found no specific personal jurisdiction.

> "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defend-ant's conduct that must be the necessary connection with the forum state."

Id., at 285.

B.      Nowhere is this defendant mentioned by name as causing any act or harm in the claims for relief made as to him (15, Claims Four through Twelve).  These claims are made collectively against the groups described by

plaintiff using collective nouns, and including defendant.  Something more

specific as to defendant must be alleged since this is not a class action.

        C.    The lone jurisdiction allegation is at 15, para. 33:

> "All Defendants . . . are subject to personal jurisdiction in this
> judicial district because their conduct . . . emanates from a
> conspiracy that is directed, overseen, and driven by the list of
> Bashing Websites [one of the collectives] owned by Defendants . .
> [including] Michael Schern [an Arizona real estate attorney] and
> Kevin Angileri.   In addition, personal jurisdiction is appropriate over
> those Defend- dants engaged in the mining or personal information .
> . . [about] Plaintiff's social media profiles . . .[and] based upon
> information and belief, they sell that content to other websites and
> mine Florida residents' personal identifying information . . ."

supposedly including plaintiff.   In sum, defendants are accused of generally

doing business on the internet, regardless of the integrity their business, which

came to harm plaintiff in Florida.   Plaintiff does <u>not</u> allege that defendants

targeted her in Florida; see <u>Walden v. Fiore</u>, <u>supra</u>.

        D.    As to her RICO claims, plaintiff at 15, para. 35, alleges that

her

complaint is

> "sufficient to confer personal jurisdiction under RICO when
> Defendant(s) injure(s) a Plaintiff through activities purposely directed
> at residents of the forum state."

    She does not say what, why or whether defendant's actions are specifically

directed at Florida, or more importantly, what this defendant  did there to
convene

her forum there.  The very purpose of the Maini defamation would only make

sense if it was to be worldwide and not just in south Florida.  It is not explained in

the complaint how a solely local course of defamation causes the cancellation of

a French fashion show

       E.     The acts of, or impact upon, plaintiff are not the jurisdictional

nexus constitutionally required.

> "Well established principles of personal jurisdiction are sufficient to
> decide this case.  The proper focus of the 'minimum contacts' inquiry
> in intentional-tort cases is 'the relationship among the defendant, the
> forum, and the litigation."

Walden v. Fiore, 571 U.S. 277 (2014), quoting Calder v. Jones, 465 U.S.783

(1984), last paragraph of Walden.

       F.     The court in Walden v. Fiore referenced exactly the type of tort

at bar here.

> "Respondents warn that if we decide petitioner lacks minimum
> contacts in this case, it will bring about unfairness in cases where
> intentional torts are committed via the Internet or other electronic
> means . . . [W]e reiterate that the 'minimum contacts' inquiry
> principally protects the liberty of the nonresident defendant, not the
> interests of the plaintiff World-Wide Volkswagen Corp. v. Woodson,
> 444 U.S. 186, 291-2 (1980).

Walden v. Fiore, 571 U.S. 277 at fn. 9.  The footnote concluded that not before

the court was any "virtual presence", but in this case, even that presence is not

alleged.

IV.   CONCLUSION

      Walden v. Fiore is dispositive.  Plaintiff's complaint against this defendant

must be dismissed for want of specific personal jurisdiction in this Florida district court.  Plaintiff emphasizes her general injuries everywhere, and not defendant's involvement with this court's state.   She may have genuine injuries, but she cannot pick just anywhere to sue a defendant.

Dated this 19 day of June, 2020

KEVIN ANGILERI
Defendant Pro Se

## CERTIFICATE OF SERVICE

A Copy of the foregoing pleading mailed this date by first class mail to

Boxholder/Resident
Aka Jane Koe
7750 Okeechobee Blvd., Ste.
West Palm Beach, FL 33411
        and electronically to
janekoelitigation@icloud.com

3415 S. McClintock Dr., Suite 112
Tempe, AZ 85282

Clerk of Court
Paul G. Rogers Federal Building
and courthouse
701 clematis street
courtroom 2
West palm Beach, Florida