**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)**

Civil Action No. 9:20-cv-80147-RLR

JANE KOE,

      Plaintiff,

v.

AMAR CHANDER MAINI, aliases GALLANTVK, AMARCM4, AMARCM 2, VIKRAM
KMS, and VIKRAM KUMAR MANSINGH;
GUARANTEED REMOVALS;
REPZE;
EXPERT REMOVALS;
INTERNET REMOVALS;
MARCA GLOBAL LLC d/b/a INTERNETREPUTATION.COM;
AMARUTU TECHNOLOGY d/b/a KODDOS;
MINC LAW;
KEVIN ANGILERI;
RONALD LINCO;
MICHAEL SCHERN;
JAMES JOHN;
JIM BURNS;
SCOTT BREITENSTEIN;
ARMAN ALI d/b/a D4 SOLUTIONS BD;
VIKRAM PARMAR, aliases MATT HAMP and MARTIN HORAN;
PIERRE ZAROKIAN;
KMS;
DEFAMATION DEFENDERS;
WEB PRESENCE LLC d/b/a NET REPUTATION; and
JOHN DOES 1-15

      Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MARCA GLOBAL, LLC D/B/A INTERNETREPUTATION.COM'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW**

---

Defendant Marca Global, LLC d/b/a internetreputation.com ("Marca"), by and through its undersigned counsel, Kutak Rock LLP, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Jane Koe's ("Plaintiff") Second Amended Complaint at Law (the "Complaint") and, in support thereof, states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND.

In the Complaint, Plaintiff alleges that she is the victim of online harassment following the end of Plaintiff's engagement to Defendant Amar Chander Maini.  Plaintiff alleges that, in an attempt to regain control of her online reputation, Plaintiff hired and paid Defendants Guaranteed Removals and Internet Removals to remove harmful online content, and that—as a result of a large conspiracy against her and many others who are not named in this action—Guaranteed Removals, Internet Removals, and other entities intentionally reposted the harmful content in order to extort further payments from Plaintiff.  Tellingly, however, Plaintiff *does not* claim to have engaged in *any* business transactions with Marca.  In fact, Plaintiff's *only factual allegation* related to Marca is that Plaintiff "spoke" with Marca before hiring Internet Removals.  A decision *not* to do business with Marca is a wholly insufficient basis to include Marca in claims that are based entirely on transactions between Plaintiff and other parties.  Plaintiff fails to assert facts sufficient to support a claim against Marca and Marca should therefore be dismissed.  Moreover, the absence of any factual allegation specific to interactions between Plaintiff and Marca reinforce the absence of any nexus between Plaintiff or this venue for jurisdiction purposes.  Simply put, Marca has not done business with Plaintiff or availed itself of this jurisdiction.

The present lawsuit contains numerous allegations that appear to be lifted straight from a case originally filed in the Northern District of California, Oakland Division, and eventually

2

transferred to Nevada.  Plaintiff admits that she is aware of that lawsuit, and her Complaint appears

to borrow definitions, theories, and even some passages from the pleadings in that case.  Marca

was also originally named in that case, but after initial limited discovery, the plaintiff voluntarily

dismissed Marca.  Plaintiff's reliance on the still-pending Nevada case—a case in which the

plaintiff voluntarily elected *not* to maintain claims against Marca—underscores the absence of any

basis to keep Marca in this litigation.

Marca is a small business located in Greenwood Village, Colorado that offers a host of

services aimed at assisting individuals and companies with improving their online visibility,

ranging from creating content to improve online reputation to search engine optimization.

(Affidavit of Blair Brown ("Brown Aff.") ¶ 1, attached to this Memorandum as **Exhibit 1**.)  Prior

to May 2018, as part of its menu of services, Marca assisted clients with getting their names

removed from websites by engaging in arms-length negotiations with the website.  (*Id.* ¶ 2.)   As

a result of business and industry changes, Marca currently only assists clients with name removal

services in response to a specific request and then only on a case-by-case basis.  (*Id.* ¶ 3.)  However,

even when Marca was providing name removal assistance as part of its standard set of services,

Marca did not knowingly have a business relationship of any kind with Plaintiff.[1]  (*Id.* ¶ 4.)

The fact that Marca formerly assisted clients with getting their names removed from

unwanted websites does not support a finding that Marca has engaged in the fraudulent data mining

efforts outlined in the Complaint.  Plaintiff tacitly acknowledges the absence of a direct connection

between Marca, the "Bashing Websites," or any other defendant by conspicuously omitting from

---

[1] Because Plaintiff has not identified her in this lawsuit, Marca cannot state unequivocally that it has not had a business relationship with Plaintiff.  That said, Marca has not had any business relationship with Plaintiff to its knowledge. (Brown Aff. ¶ 5)

the Complaint any allegation that Marca played *any* role in the alleged data mining.  Instead, Plaintiff attempts to wrap Marca into this lawsuit by relying on a broad, conclusory allegation of extortion and conspiracy—*despite* the fact that even if Marca did play a role in an alleged conspiracy—which it did not—that role had *nothing* to do with Plaintiff's claims.  Vague, unsubstantiated allegations of conspiracy are not sufficient to state a claim for relief against Marca nor to establish this Court's jurisdiction over Marca.  Accordingly, Marca seeks immediate dismissal of all claims against it.

## II.  ARGUMENT.

### A.  Marca Is Not Subject To This Court's Jurisdiction.

#### 1.  Legal Standard.

For a Federal court in Florida to exercise personal jurisdiction over an out-of-state corporation, it must obtain jurisdiction under a two-part analysis.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations and quotations omitted).  First, it must obtain jurisdiction based upon Florida's long-arm statute.  *Id*.  Second—if it determines that personal jurisdiction exists under Florida's long-arm statute—it must determine that sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment such that jurisdiction over the non-resident defendant does not offend traditional notions of fair play and substantial justice.  *Id.*

A plaintiff seeking to extend personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir.2009).  If a nonresident defendant "challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."  *Id*. (citation and quotations omitted).  Moreover, if a nonresident defendant makes a showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional

allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir.1986).  If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, "the court must construe all reasonable inferences in favor of the plaintiff." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc*., 593 F.3d 1249, 1257 (11th Cir. 2010).

    **2.  The Florida Long Arm Statute Does Not Extend Personal Jurisdiction to Marca.**
Florida courts provide that a non-resident defendant's actions fall within Florida's long-arm statute if "[the non-resident defendant] does one of the enumerated acts [within the long-arm statute] and the plaintiff's claim 'arose from' that act." *Wells Fargo Equip. Fin., Inc. v. Bacjet, LLC*, 221 So. 3d 671, 675 (Fla. Dist. Ct. App. 2017) (citation omitted).

    Here, Plaintiff fails to allege that Marca did *any* act that is enumerated in Florida's long-arm statute and therefore necessarily fails to allege that this action arose from any act committed by Marca.  Specifically, Plaintiff does not allege in the Complaint that Marca operates, conducts, engages in, or carries on any business within Florida.  Plaintiff does not allege that Marca has an office or agency in Florida.  Plaintiff does not allege that Marca committed a tortious act within Florida or that Marca committed a tortious act that was aimed at or caused an injury in Florida. Plaintiff does not allege thing things because they are not true.  (Brown Aff, ¶ 6.)  Indeed, Plaintiff fails to mention Marca by name even once in the paragraph in which she claims to establish personal jurisdiction over "[a]ll Defendants."  (Complaint, ¶ 33).

    Instead, Plaintiff attempts to connect Marca to the tortious conduct of other defendants that is allegedly expressly aimed at Florida.  Plaintiff  alleges that "personal jurisdiction is appropriate over those Defendants engaged in the mining of personal information from Plaintiff's social media profiles and pageant award websites because, based on information and belief, they

sell that content to other websites and mine Florida residents' personal identifying information, thereby expressly aiming or targeting their tortious conduct at Florida and this judicial district." (Complaint, ¶ 33).  Thus, on its face, Plaintiff's jurisdiction allegations are focused specifically on the alleged data mining.  Plaintiff does not allege in the Complaint that Marca is "engaged in the mining of personal information."  Therefore, Plaintiff's allegation that the data miners are expressly aiming or targeting their tortious conduct at Florida does not apply to Marca.

Plaintiff also alleges, "Similarly, the Removal Sites generate 'clients' from the tortious acts of the Bashing Websites which stem from this judicial district and, based on information and belief, remit a portion of their profits back to the Bashing Websites."  On its face, this allegation does not form a sufficient basis to establish jurisdiction over the Removal Sites.  Plaintiff clearly alleges that the tortious acts are being committed by the Bashing Websites, not the Removal Sites. Thus, even if Marca were included in the Removal Sites—which it should not be—that is still not a sufficient basis for this Court to exercise personal jurisdiction over Marca.  Moreover, despite seemingly defining "Removal Sites" to include Marca, Plaintiff fails to factually allege that Marca obtained clients from the data-mining.  Again, Plaintiff does not allege that she hired Marca for any internet reputation services or had any other type of business transactions with Marca. Finally, even assuming for the sake of argument that Plaintiff had specifically alleged that Marca generated clients, such as herself, from tortious acts directed at Florida, such an allegation—that of generating clients—does not fall within the enumerated acts of Florida's long-arm statute. Plaintiff cannot extend personal jurisdiction to apply to a non-resident defendant by intentionally obfuscating Marca's complete lack of involvement in the underlying allegations.

Therefore, because Plaintiff has failed to adequately allege that Marca is subject to

personal jurisdiction under Florida's long-arm statute, the Court should find that it does not have

personal jurisdiction over Marca and that no further analysis is necessary.  *United Techs. Corp.*,

556 F.3d at 1275.

### 3. For This Court To Exercise Personal Jurisdiction Over Marca Does Not Comport With Due Process.

The exercise of personal jurisdiction comports with due process if the non-resident "has

established certain minimum contacts with the forum such that the maintenance of the suit does

not offend traditional notions of fair play and substantial justice."  *Oldfield v. Pueblo De Bahia*

*Lora*, S.A., 558 F.3d 1210, 1220 (11th Cir. 2009) (citation and quotations omitted).  The

Constitution prohibits the exercise of personal jurisdiction over a nonresident defendant "unless

his contact with the state is such that he has fair warning that he may be subject to suit there."

*Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (citation and quotations omitted).

In Florida, the "fair warning" requirement is satisfied if the defendant has "purposefully directed"

his activities at residents of the forum, and the litigation results from alleged injuries that "arise

out of or relate to" those activities.  *Id*. (citations omitted).

To determine if exercising jurisdiction would comport with "fair play and substantial

justice," courts in Florida look to the following factors:  "the burden on the defendant of litigating

in the forum, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining

convenient and effective relief and the judicial system's interest in resolving the dispute."  *Id.* at

1284.

Plaintiff does not allege in the Complaint that Marca purposefully availed itself of the

benefits and protections of Florida's laws.  Specifically, Plaintiff does not allege any facts

showing that Marca specifically generates any business from the Southern District of Florida nor

does Plaintiff allege any facts showing that Marca specifically advertises to anyone within this district.  Plaintiff fails to allege that Marca has purposefully availed itself of the laws of the Southern District of Florida such that it would be foreseeable that they would be called into court here.

Plainly speaking, Plaintiff has failed to allege such purposeful involvement with Florida because Marca *does not have any such involvement*.  Marca does not own or operate any offices in this District.  (Brown Aff. ¶ 7.)  Marca does not have any special business relationships with this District.  (*Id*. ¶ 8.)  Marca does not employ anyone who works or resides in this District.  (*Id*. ¶ 9.)  Marca has not purposefully availed itself of the benefit of the laws of the Southern District of Florida, and Marca has done nothing that would make it foreseeable that it would be subject to the jurisdiction of this Court.  Therefore, Marca does not have sufficient minimum contacts with Florida for this Court to exercise personal jurisdiction over Marca.

Moreover, it is unreasonable for this Court to exercise personal jurisdiction over Marca. Every factor that Florida courts use to determine whether jurisdiction is proper favor a finding that Marca is not subject to this Court's jurisdiction.  First, Marca would bear a great financial and logistical burden if forced to defend itself in a district where it does not have any contacts or do any special business.  Second, Florida has no interest in the claims alleged against Marca because Marca has not harmed any Florida residents, Marca has not violated any Florida laws, and Marca is not purposefully reaching out into Florida to conduct any illegal activities.  Third, the convenience and effectiveness of relief for Plaintiff does not weigh in favor of finding jurisdiction over Marca in the Southern District because Plaintiff is, according to the Complaint, currently residing outside the United States, in the United Kings, and, therefore, Plaintiff's

convenience and effectiveness of relief is not served by pursuing this case in this jurisdiction. Fourth, the most efficient judicial resolution of the allegations against Marca is not in the Southern District because the Southern District judiciary does not have any additional efficiency when compared to the home state judiciary of Marca.[2]

### 4. Plaintiff's Allegations Of Conspiracy Cannot Form The Basis For This Court To Exercise Jurisdiction Over Marca.

In a transparent effort to cloud the jurisdiction issue, Plaintiff alleges that Marca is subject to personal jurisdiction because "[a]ll other Defendants named herein are subject to personal jurisdiction in this judicial district because all their conduct complained of herein emanates from a conspiracy that is directed, overseen and driven by the list of Bashing Websites owned by Defendants Scott Breitenstein, Michael Schern, and Kevin Angileri." (Compl. ¶ 33.) Thus, on its face, Plaintiff's theory for personal jurisdiction rests entirely on an alleged conspiracy and actions by defendants *other* than Marca. Plaintiff fails to allege sufficient facts to establish that Marca is in any way related to the alleged conspiracy or that the Court should exercise jurisdiction over Marca due to the conspiracy.

The Eleventh Circuit has held that a conspiracy claim cannot be the basis to establish jurisdiction over a non-resident defendant when the plaintiff fails to allege facts sufficient to state the claim for conspiracy against the non-resident defendant. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1218 (11th Cir. 1999) (finding that, because plaintiff had asserted conclusory allegations to establish conspiracy, plaintiff "has not established a prima facie case of jurisdiction over [non-

---

[2] Plaintiff does not allege that Marca is subject to general personal jurisdiction in Florida. To the extent that Plaintiff later argues Marca is subject to general personal jurisdiction in Florida, the Court should dismiss that argument wholesale because general personal jurisdiction also requires that Due Process be satisfied. *United Tech. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009.) Here, as shown above, due process has not been met. Therefore, Marca is not subject to general personal jurisdiction in Florida.

resident defendant] on his conspiracy claim.")[3]  Here, Plaintiff failed to state a claim of civil conspiracy against Marca because Plaintiff fails to allege (i) that Marca participated in a planned unlawful act and (ii) that Marca agreed to commit any unlawful act.

## B.  Plaintiff Fails To State A Claim Against Marca As A Matter of Law.
### 1.  Standard of Review.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The *Twombly* standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Am. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1289 (11th Cir. 2010) (citation omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Id*.  The court must accept well-pleaded allegations as true and construe them in the light most favorable to the claimant, but mere conclusory statements or assertions devoid of factual enhancement do not suffice to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2.  The Fourth, Fifth, Sixth, And Seventh Causes Of Action Fail As A Matter Of Law As To Marca.[4]

Plaintiff's fourth, fifth, sixth, and seventh causes of action (the "**RICO Claims**") are claims for violations of subsections (a), (b), (c), and (d) of the racketeer influenced and corrupt organizations statute, 18 U.S.C. § 1962 ("**RICO**"), which outlaws various kinds of racketeering

---

[3] *See also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd*., 579 F. App'x 779, 789 (11th Cir. 2014); *FC Inv. Grp. LC v. IFX Markets, Ltd*., 529 F.3d 1087, 1097 (D.C. Cir. 2008).

[4] Plaintiff asserts her first, second, and third causes of action—for fraudulent misrepresentation, defamation, and invasion of privacy, respectively—against Defendant Amar Chander Maini.  (Compl. ¶¶ 59–98.)  Plaintiff asserts her Ninth Cause of Action for breach of the implied covenant of good faith and fair dealing against Defendants Guaranteed Removals and Internet Removals.  (Compl. ¶¶ 148–152.)  Plaintiff does not allege that she is bringing the first, second, third, or ninth cause of action against Marca or mention Marca in any of these causes of action.  Therefore, because the First, Second, Third, and Ninth causes of action are not brought against Marca, Marca does not need to seek dismissal of those causes of action.  To the extent that Plaintiff asserts otherwise, Marca reserves its right to seek dismissal of such causes of action.

conduct: "subsection (a) prohibits investing income gained from a pattern of racketeering activity into an enterprise engaged in interstate commerce; subsection (b) forbids using a pattern of racketeering activity to acquire or maintain any interest in or control over such an enterprise; …subsection (c) proscribes participating in the conduct of the affairs of such an enterprise through a pattern of racketeering activity;" and "subsection (d) criminalizes conspiring to violate subsections (a), (b), or (c)." *Almanza v. United Airlines, Inc*., 851 F.3d 1060, 1066–67 (11th Cir. 2017); 18 U.S.C. § 1962. Each of the RICO Claims requires Plaintiff to have alleged the existence of an "enterprise" and a "pattern of racketeering activity." *Id.* Plaintiff must also sufficiently allege that she has standing to bring a civil claim under RICO. *Ray v. Spirit Airlines, Inc*., 836 F.3d 1340, 1348 (11th Cir. 2016). The RICO Claims should be dismissed as to Marca.[5]

> ### a.    Plaintiff fails to allege facts sufficient to show that Marca was involved with or related to a RICO enterprise.

A RICO enterprise encompasses "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has defined an association-in-fact enterprise as any "group of persons associated together for a common purpose of engaging in a course of conduct." *Al-Rayes v. Willingham*, 914 F.3d 1302, 1307 (11th Cir. 2019) (citation omitted). The Eleventh Circuit held that an association-in-fact enterprise requires three structural features:  (i) a "shared purpose [among the members] of engaging in illegal activity," (ii) "relationships among those associated with the enterprise," and (iii) "longevity sufficient to permit those associates to

---

[5] In addition to these main pleading deficiencies, Plaintiff also fails to sufficiently allege the following:  (1) Under § 1962(a), plaintiff fails to allege that she was injured by the <u>investment</u> of racketeering income; (2) Under § 1962(b), plaintiff fails to allege that she was injured by the <u>acquisition</u> of an interest or control over an enterprise; and (3) under § 1962(d), plaintiff failed to allege that Marca entered into an illegal agreement to violate a RICO provision, *Rogers v. Nacchio*, 241 F. App'x 602, 609 (11th Cir. 2007); *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co*., 917 F.3d 1249, 1266 (11th Cir. 2019).

pursue the enterprise's purpose."  *Al-Rayes*, 914 F.3d at 1307 (citation omitted).

In the Complaint, Plaintiff asserted conclusively that "the Bashing Websites and Removal Websites meet the definition of an association-in-fact-enterprise," the "Bashing Websites and Removal Websites…are association-in-fact enterprises engaged in and whose activities affect interstate commerce," and the "Defendants agreed to and did conduct and participate in the conduct of the enterprise affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff."   (Compl. ¶¶ 58(c), 101, 102, 112, 121, and 133.)  Plaintiff failed to assert that *Marca* had any intent, knowledge of, plan to commit, or benefit resulting from engaging in illegal activity.  Plaintiff failed to assert that *Marca* had actual knowledge of or any acquaintance with—much less a full relationship with—any other defendant.  Finally, Plaintiff failed to assert that *Marca's* non-existent relationship with the other alleged members had lasted a sufficient amount of time such that it had longevity for purposes of establishing a RICO enterprise. Plaintiff failed to assert these things because they are not true.  (Brown Aff, ¶ 10.)

> **b.    Plaintiff failed to allege facts sufficient to show that Marca engaged in a pattern of racketeering activity.**

In order to plead a claim under RICO subsection (a), (b), (c), and (d), a plaintiff is required to allege a "pattern of racketeering activity."  18 U.S.C. § 1962.  A pattern of racketeering activity "requires at least two acts of racketeering activity," and the "racketeering activit[ies]" must be ones listed in subsection (1).  18 U.S.C. § 1961(5).  Plaintiff's allegations for the predicate acts completely miss the mark.  In the Complaint, Plaintiff implies that the two predicate acts are "[t]he acts of posting on Bashing Websites and then requiring Plaintiff (and thousands of other victims) [to pay to remove the content]."  (Compl. ¶ 58(e).)  The acts of (i) posting another's information on a website—even if the posts were defamatory or libelous—and (ii) requiring an individual to

pay to remove online content are not qualifying, predicate acts for purposes of a RICO violation. *See* 18 U.S.C. § 1961(1).  Moreover, even if these *were* predicate acts, Plaintiff failed to allege that *Marca* committed either of these acts.

Elsewhere in the Complaint, Plaintiff raises allegations of wire fraud and extortion. Plaintiff fails to unambiguously state whether she alleges that wire fraud and extortion establish a pattern of racketeering activities.  However, because wire fraud and extortion are predicate acts that can establish a pattern of racketeering activities, this Motion shows that Plaintiff failed to sufficiently allege wire fraud and extortion as predicate acts as to Marca.

    *i.*    ***Plaintiff fails to plead fraud with particularity.***

A person commits wire fraud when they "(1) intentionally participate in a scheme to defraud another of money or property and (2) use the wires in furtherance of that scheme." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158–59 (11th Cir. 2019) (citation omitted).  Fraud allegations—including RICO wire fraud claims—are subject to a heightened pleading standard under Rule 9(b).  *Id.* (citation omitted).  A plaintiff satisfies Rule 9(b) if the complaint includes (1) "precisely what statements were made in what documents ... or what omissions were made;" (2) "the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making)" each statement; (3) "the content of such statements and the manner in which they misled the plaintiff"; and (4) "what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quotation marks omitted).

Plaintiff summarily alleges that "wire fraud has occurred, with regard to the Removal Sites reposting defamatory and libelous content originally authored by Maini and then the Bashing Sites participating in the posting and reposting," and specifies that the fraud includes "charging Plaintiff

for removals of posts, copying and pasting those posts throughout the Internet, failing to remove all copies of posts, and then harassing Plaintiff to pay for still more posts"  (Compl. ¶¶ 58 (f) and 102.)  These allegations fall short of the heightened pleading standard.  Plaintiff's allegations of wire fraud do not include (i) precisely what statements or omissions were made in what documents, (ii) the time or place of each statement, (iii) the content of the statements and how they misled Plaintiff, and (iv) what Marca, or any defendant, obtained as a consequence of the fraud.  In fact, Plaintiff plainly admits that she has not met the heightened pleading standard under Rule 9 when she claims that she declined to include the specific Rule 9 information—which allegedly includes receipts, invoices, and credit card statements—in order to protect her privacy.  (Compl. ¶¶ 58(f).)  Regardless of Plaintiff's reasons for not providing the specific information supported the alleged wire fraud, the fact remains that the Complaint fails to allege facts sufficient to meet the heightened pleading standard to show wire fraud and thus Plaintiff has failed to state a RICO claim against Marca based on the predicate act of fraud.

## ii.   *Plaintiff fails to allege that Marca participated in any alleged extortion.*
To state the predicate act of extortion for their RICO claim, Plaintiff "must show a violation of the Hobbs Act, 18 U.S.C. § 1951." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1087–88 (11th Cir. 2004) (per curiam); *see also* 18 U.S.C. § 1961(1).  The Hobbs Act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  *Id*. § 1951(b)(2).  "[E]xtortion requires an intent to obtain that which in justice and equity the party is not entitled to receive." *Crawford's Auto Ctr., Inc*., 945 F.3d at 1159 (citation omitted).

Plaintiff's allegations related to extortion do not involve Marca.  In the Complaint, Plaintiff conclusively alleged that "Defendants committed multiple related acts of extorting money from

14

Plaintiff ostensibly to 'remove' all posts only for them to later report posts and demand even higher extortion removal fees." (Compl. ¶ 103.) Plaintiff does not allege that she hired Marca to conduct removal services, that she paid Marca any sum of money, that Marca "demand[ed]" higher removal fees, or that Marca sent Plaintiff any communications. As previously emphasized, Plaintiff alleges that, rather than hiring Marca, she hired and paid Defendants Guaranteed Removals and Internet Removals to remove certain online content. (Compl. ¶¶ 38–40.) Thus, Plaintiff fails to allege any facts that support a finding that *Marca* committed any act *as to her*—the only act of extortion that Plaintiff has grounds or standing to assert.

### c. Plaintiff failed to allege facts sufficient to show that she had standing to bring a civil RICO claim.

To bring a claim under RICO, a civil plaintiff must also obtain standing by showing "(1) the requisite injury to business or property, and (2) that such injury was by reason of the substantive RICO violation." *Ray*, 836 F.3d at 1348 (quotations and citations omitted). The Eleventh Circuit has "strictly construed the causal connection predicate acts and the Plaintiff's injury." *Kingston Square Tenants Ass'n v. Tuskegee Gardens*, Ltd., 792 F. Supp. 1566, 1578 (S.D. Fla. 1992). The claimed racketeering activity must be the but-for and proximate cause of the plaintiff's injuries, and, to determine proximate cause, the "central question" is "whether the alleged violation led directly to the plaintiff's injuries. *Ray*, 836 F.3d at 1349.

In the Complaint, Plaintiff alleged the following injuries, among others: "fashion shows have had to be rescheduled, press has had to be canceled, lookbooks have had to be shielded from media attention, and Plaintiff has had to reduce her profile as a top emerging designer" and "Plaintiff paid extortion fees to the Removal Websites…over a sustained period of time." (Compl. ¶¶ 106, 107.) As an initial matter, Plaintiff's allegations fail as to Marca because Plaintiff did not

15

pay Marca any sum of money—nor does she allege that she did—and because, as discussed above, Marca did not commit any predicate acts, so it would be impossible for Plaintiff to show that a non-existent act caused an injury.  Further, Plaintiff's allegation of injury to her business and her online reputation are a direct result of the online harassment of Defendant Maini and others and are not a result of a Removal Website's attempts to remove such harmful online content.  Even if the injury could be traced to a Removal Website, Plaintiff's own allegations confirm that her alleged injuries are linked to payment of fees "over a sustained period of time"—an occurrence that even Plaintiff admits does not apply to Marca.

### 3.   The Eighth Cause Of Action Fails As A Matter Of Law As To Marca.

Plaintiff asserts her Eighth Cause of Action, for computer fraud and abuse, 18 U.S.C.A. § 1030 (the "**CFAA**"), against "Maini and All Defendants Engaged in Bashing Websites and Removal Websites."  (Compl. ¶¶ 141–147.)  To the extent that Plaintiff brings this Cause of Action against Marca, this claim should be dismissed as to Marca because Plaintiff fails to allege sufficient facts against Marca to meet all of the elements of the claim.   To successfully plead a civil violation of the CFAA, a plaintiff must show that a defendant "intentionally access[ed] a computer without authorization or exceed[ed] authorized access, and thereby obtain[ed] . . . information from any protected computer," and that the conduct involves one of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).  *Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1173 (11th Cir. 2017); 18 U.S.C. § 1030(a)(2)(C).

Plaintiff does not state any allegation that could be construed to mean that Marca—or even any "Removal Websites"—accessed or obtain information from any protected computer without authorization.  Plaintiff states that her CFAA cause of action is based on (1) "certain Defendants named herein and/or their agents" who "followed and/or viewed Plaintiff's personal social media

16

profiles, personal website pages, and pageant photo website pages" and (2) "Defendants, especially Vikram Parmar aliases Matt Hamp and Martin Horan" who "created a decoy profile on social media sites LinkedIn to mine Plaintiff's personal identifying information (photographs) without authorization." (Compl. ¶142–143.) Plaintiff fails to allege that Marca or the "Removal Websites" followed or viewed her personal online content, and Plaintiff fails to allege that Marca or the "Removal Websites" created any fake profile through which to obtain Plaintiff's information.

### 4.   The Tenth Cause Of Action Fails As A Matter Of Law As To Marca.

Plaintiff asserts her tenth cause of action against all Defendants for tortious interference with an advantageous business relationship. The elements for a claim of tortious interference with advantageous business relationship are the following: "(1) the existence of a business relationship not necessarily evidenced by an enforceable contract, (2) the knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with that relationship by the defendant, and (4) damage to the plaintiff as the result of the breach of the relationship." *Linafelt v. Beverly Enterprises-Fla., Inc.*, 745 So. 2d 386, 389 (Fla. Dist. Ct. App. 1999) (citation omitted). In the Complaint, Plaintiff fails to allege that Marca (i) had knowledge of a business relationship and (ii) intentionally or unjustifiably interfered with that business relationship.

Plaintiff's knowledge allegations are limited to Defendant Maini, who Plaintiff alleged was "well aware" of Plaintiff's future plans, and other defendants who "visited [Plaintiff's] private website, her store website, her LinkedIn, her Instagram, her Facebook, and her SnapChat profiles and harassed her and her family by phone and email for the purpose of mining Plaintiff's personal identifying information." (Compl. ¶¶156, 161, and 163.) Plaintiff fails to allege that Marca visited Plaintiff's online accounts or harassed Plaintiff and her family and fails to allege that Marca knew

of Plaintiff or any of her business relationships.  Thus, the Complaint fails to sufficiently allege that Marca had knowledge of Plaintiff's business relationships for purposes of establishing a claim for tortious interference with those relationships.

Similarly, Plaintiff's allegations of intentional interference do not apply to Marca.  Plaintiff alleges that "Defendants intentionally, or with substantial certainty, interfered with the relationship between Plaintiff and her clientele by stealing and libeling her and her family to Bashing Websites" and that "Maini and/or one of his associates, in particular, set up Instagram and Twitter accounts under the anonymous name 'Then Victoria' in order to attack Plaintiff in front of her clients and customers."  (Compl. ¶¶ 157 and 163.)  Plaintiff fails to bring any claim that Marca participated in or otherwise was connected with any online harassment, "stealing," or "libeling" of Plaintiff.

**5.  The Eleventh Cause Of Action Fails As A Matter Of Law As To Marca.**

Plaintiff asserts her eleventh cause of action against all Defendants under Florida's deceptive and unfair trade practices act, Fla. Stat. § 501.204 (the "**FDUTPA**").  (Compl. ¶¶ 165–172.)  This claim should be dismissed as to Marca because Plaintiff fails to allege sufficient facts against Marca to meet all of the elements of the claim.  Under the FDUTPA, a claim for damages has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 969 (11th Cir. 2019) (citation omitted).  An "unfair practice" is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So.2d 773, 777 (Fla. 2003) (citation omitted)).  A "deceptive act" occurs when there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Id.* at 777.

Plaintiff attempts to bring this claim against Marca by intentionally generalizing about

actions supposedly taken by *all* defendants, but, in doing so, Plaintiff fails to allege the elements of a FDUTPA claim as it relates to Marca. Plaintiff alleges that the "Defendants' unauthorized access to Plaintiff's social media profiles, use of Plaintiff's identifying information, libel about Plaintiff, and then extortion of a fee to remove such information from the Bashing Websites is illegal and qualifies as 'a deceptive act or unfair practice' that is both fraudulent and unlawful." (Compl. ¶ 168.) Plaintiff fails to allege any facts that would show that *Marca* took any action that was unfair or deceptive: Plaintiff fails to allege (i) that Marca accessed Plaintiff's social media profiles; (ii) that Marca accessed, possessed, or used Plaintiff's identifying information; (iii) that Marca advertised on any of the Bashing Websites that Plaintiff's information appeared on; (iv) that Marca sent any advertising information directly to Plaintiff; (v) that Plaintiff hired Marca to remove any information; or (vi) that Marca accepted any fees from Plaintiff. Plaintiff failed to assert these things because they never occurred. (Brown Aff, ¶ 11.) Marca has not knowingly had a business relationship with Plaintiff or been hired by Plaintiff to remove online content. (*Id.*, ¶ 12.) Therefore, Plaintiff failed to assert that Marca committed a deceptive act or unfair practice for purposes of establishing a violation of the FDUTPA.

As a result, Plaintiff also failed to assert any causation between Marca and Plaintiff's asserted actual damages. Plaintiff alleges that she "lost couture and artwork customers as a result of the Defendants' conduct described herein," (Compl. ¶ 166.), but Plaintiff fails to assert that any of her loss is tied to any action by Marca. Again, Plaintiff fails to assert this because it is false. Marca never took any actions to attempt to remove Plaintiff's information from the internet because Plaintiff never hired Marca. (Brown Aff, ¶ 13.) Plaintiff never paid Marca any sums of money, and Marca never knowingly accepted any money from Plaintiff. (Brown Aff, ¶ 14.)

Because Plaintiff fails to allege that Marca took any action related to Plaintiff—and, indeed, Marca *did not* take any action related to her—Plaintiff fails to allege that Marca caused Plaintiff's actual damages.

### 6. The Twelfth Cause Of Action Fails As A Matter Of Law As To Marca.

Plaintiff asserts her twelfth cause of action against all Defendants for civil conspiracy under Florida common law.  (Compl. ¶¶ 173–181.)  This claim should be dismissed as to Marca because Plaintiff fails to allege sufficient facts against Marca to meet all of the elements of the claim.  A civil conspiracy requires: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. Dist. Ct. App. 1997) (citation omitted).  "Each coconspirator need not act to further a conspiracy; each need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators." *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1160 (Fla. DCA 2008) (citation omitted).

Here, Plaintiff fails in the Complaint to allege that Marca participated in a planned unlawful act.  Instead, Plaintiff merely alleges conclusively that "each of the Defendants agreed to participate in the extortive Bashing Websites and Removal Websites actions and joined therein with the intent to further their wrongful activity."  (Compl. ¶174.)  In so doing, Plaintiff fails to identify any specific unlawful act that Marca allegedly agreed to commit.  Further, Plaintiff does not allege any specific facts linking Marca to any agreement to commit any alleged unlawful act.

Moreover, Plaintiff fails to properly allege that Marca assisted in some way or had the requisite knowledge to be a co-conspirator.  Instead, Plaintiff makes a weak attempt to draw Marca into the alleged group of persons that may be stealing and posting Plaintiff's data.  But

rather than asserting a factual basis for Marca's alleged knowledge of such a scheme, Plaintiff generically states that "there is extensive tacit evidence of both understanding and agreement between Bashing Websites and Removal Websites to facilitate a mutually beneficial financial arrangement.  The Bashing Websites charge a set fee and the Removal Websites charge a set fee, which is presented as one base fee to the victim; in this case, Plaintiff.  Evidence of this is the opacity with which the website owners suggest 'arbitration.'  Each Bashing Website has a separate 'arbitrator,' which is, in fact, a Removal Website advertiser paying to be recommended to victims as a top-notch and ethical removal service."  (Compl. ¶ 178.)

Plaintiff's attempt to make Marca a co-conspirator is based on nothing more than the fact that Marca has offered to assist its clients with having their names removed from websites.  This service—which is offered by numerous companies—is not a sufficient factual basis to allege that Marca engaged in an intricate scheme to mine Plaintiff's data—or to mine any other internet users' data.  Further, Plaintiff fails to allege any actual evidence showing that Marca had any knowledge of such a scheme.  Plaintiff also fails to allege any facts that demonstrate that Marca assisted any other individual to commit any unlawful act or that Marca knew that any wrongful act had occurred and ratified it.  In sum, Plaintiff fails to allege any facts that support a finding that Marca participated in any way in any illegal actions or that Marca had any interest in any illegal actions.  Plaintiff's attempt to include Marca in any conspiracy is created by mere conclusory language and overly defined terms, such as "Removal Websites," and is not supported by any factual evidence.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

*s/ Loc Pfeiffer*

**KUTAK ROCK LLP**
Loc Pfeiffer, Florida Bar No. 33049
901 East Byrd Street, Suite 1000
804-644-1700
Loc.Pfeiffer@KutakRock.com

Chad T. Nitta
1801 California Street, Suite 3000
Denver, CO 80202
303-297-2400
Chad.Nitta@KutakRock.com

*Counsel for Defendant Marca Global, LLC*
*d/b/a internetreputation.com*

22

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2020, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARCA GLOBAL, LLC D/B/A INTERNETREPUTATION.COM'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record who have entered an appearance in the above-captioned matter.


KUTAK ROCK LLP

*s/ Loc Pfeiffer*
Counsel