UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-CV-80147-ROSENBERG/REINHART

JANE KOE,
    *Plaintiff,*
v.

AMAR CHANDER MAINI, *et al.*,
    *Defendants.*
_____/

FILED BY _____ D.C.
OCT 16 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# MOTION TO SUBMIT 3ʳᴰ AMENDED COMPLAINT AND TO ENTER COUNSEL BY DECEMBER 31ˢᵗ, 2020

    COMES NOW Plaintiff Jane Koe ("Plaintiff") who seeks to amend her complaint to a more targeted list of defendants, with primary emphasis on Amar Chander Maini who authored the libel and managed the smear campaign.

    With the assistance of counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff respectfully seeks leave to move the court to submit a 3ʳᵈ Amended Complaint no later than December 31, 2020. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Allowing Plaintiff to file a 3ʳᵈ Amended Complaint would serve justice, promote judicial efficiency, and provide a more streamlined way of examining the various legal issues at hand in a clearer manner without too many causes of action. There would be no substantial or undue prejudice, bad faith, undue delay, or futility by Plaintiff retaining counsel and filing a 3ʳᵈ Amended Complaint through counsel. Plaintiff seeks to allege the severe infliction of emotional distress alongside further emphasis on what Maini's defamation has done to her life and career. Plaintiff remains focused on defamation, not necessarily civil racketeering, as many of those defendants are happy to negotiate settlements in light of what Maini has done to her family.

    Through the Amended Complaint, Plaintiff seeks to use counsel to help 'clean up' the lawsuit as more stalking and cyberstalking incidents have occurred and Plaintiff has faced more financial hardship and tortious interference due to Maini's actions—above and beyond what is on Bashing Websites. As an example, Maini made a new post on social media platform Quora in May projecting his character flaws on Plaintiff that she had to get removed via subpoena and begging administrators in June,

followed by another post on a Bashing Website that Plaintiff has to pay to get removed. More recently, on October 7, 2020, Maini hacked into and took over Plaintiff's email account from her time running a satirical column in college and contributing to various humor magazines, ostensibly for backstabbing purposes in this lawsuit.

As well, between October 7, 2020 to October 16, 2020, Maini has continued guessing and hacking Plaintiff's password to control her business account on GSuite and her business bank accounts, which she intended to use to pay off outstanding Covid-19 related bills. As a result, Plaintiff has had to switch to Microsoft 360, pay for extra security measures for her contract employees, apply for new multicurrency bank accounts, close all of her old bank cards, and seek out extensions on business bills that absolutely have to be paid. Maini's terror has escalated to the point of affecting still more of Plaintiff's ability to work, make a living, and honor all of her payroll obligations to her employees and her account responsibilities to external business partners.

Plaintiff also seeks to add the name of two more defendants: Mr. Edward Lucas and Ms. N.D. N.D. is a public figure in London classical concert piano and Plaintiff chooses to protect N.D.'s right to privacy by not revealing or disclosing her name for the time being.

Edward Lucas is a married man carrying on an affair with N.D., and N.D. is an age 36 serial homewrecking mistress based in London who memorizes and regurgitates concert piano pieces for a living; this is her 59th affair with a married man, far from her first rodeo as a very experienced side chick. N.D. and Plaintiff are London neighbors during term time; during holidays and vacations from school, Misha returns to her condo apartment in Singer Island, West Palm Beach. N.D. lives at 77-79 Southwark Street, London and Plaintiff lives under a block away at 51 Ewer Street, London; their windows look directly into each other and are see-through. N.D. read the libel authored by Maini when Edward Lucas, a married man, was preparing to be interviewed by Plaintiff for a job on November 1, 2019. Due to reading and believing said libel, N.D. began harassing Plaintiff in grocery stores, including but not limited to grabbing tomatoes out of her shopping cart, spreading further libel to her social circle in London, and rolling her eyes at Plaintiff when Plaintiff saw N.D. with Edward Lucas having BDSM sex on the London Bridge on June 23, 2020 around 11:55 PM. Right after Plaintiff posted publicly that she was off to attempt suicide due to non-stop abuse from Edward Lucas, she ran into these two having sex in public involving collars and bondage equipment.

Edward Lucas, committed fraud on his job application to work as a dual operations leader and General Counsel at Plaintiff's startup company, by lying and misrepresenting his GMAT score of 760 as

790.  Plaintiff ignored the fraud and viewed him as her attorney, creating an attorney-client relationship and governing all communications in line with GDPR and attorney-client privilege standards in both the United Kingdom and the United States of America.  Plaintiff revealed to Edward Lucas key elements of her legal strategy against Amar Chander Maini and entrusted him with secrets she expected to remain secrets due to absolute attorney-client privilege.  Unfortunately, when Edward Lucas misread a situation and felt Plaintiff rejected him due to choosing to go buy a gyro and talk to her suitor for the evening after giving a recruiting presentation, he then attacked her by violating attorney-client privilege.  Edward Lucas disclosed private medical information about Plaintiff's suicidal ideation to numerous colleagues and both libeled and slandered Plaintiff by accusing her of having a conversation with him that never took place.  The two never spoke in person and only communicated over text message and emails.  Edward shared such libel to his business school classmate, an Indian man named Neal Kochhar, who then spread such libel to others including but not limited to, Elizabeth Hadeed, a potential hire at Plaintiff's startup, via text message and Facebook, his boss Daniel, and numerous colleagues who began stalking Plaintiff on LinkedIn.  Plaintiff does not use Facebook or Instagram and has not used either platform since late 2018.  All three parties were subpoenaed and more subpoenas are coming soon.  Edward Lucas has demonstrated a consistent lack of character in every aspect of his professional and personal life and never takes responsibility of his actions.  He thinks blaming Plaintiff for his affair resolves him of responsibility.

Edward Lucas wanted Plaintiff to take the fall for his ongoing extramarital affair with N.D. and to avoid facing the consequences of sadistically stalking Plaintiff for months on end.  Plaintiff also observed him beating, choking, and strangling N.D. with foreign objects, along with raping a Chinese student living in her dormitory, and going on multiple dates with his brunette subordinate at Kraft Heinz in the other apartment building next to hers before strangling her on February 27, 2020.  Plaintiff was in genuine fear for her physical safety so began keeping diary records, taking photographs, and informing others including the police and Women's Aid about Edward Lucas' increasingly alarming and disturbing behavior from March 6, 2020 to the present.  To be clear, Edward Lucas not only sadistically stalked Plaintiff on her evening walks and unsuccessfully attempted to rape her, but also spread elements of Maini's libel to mutual business contacts, causing months of even more anguish and suicide attempts between March 2020 to October 2020.  N.D., feeling threatened, began video recording Plaintiff using a pillow to self-pleasure in her private bedroom, and then threatened Plaintiff in a grocery store to release it online, to Maini for use in this lawsuit, and to mutual contacts.  As an eyewitness to the incredibly

violent extramarital affair between Edward Lucas and his mistress N.D., Plaintiff requires therapy for the trust violation of Edward ruining attorney-client privilege. And as an eyewitness to the leasehold where Edward Lucas is trying to take advantage of his wife Yasmine's trust by backdating the timestamps to secure a no-fault divorce, both Edward Lucas and N.D. decided to scapegoat Plaintiff instead of taking responsibility for throwing Yasmine under the bus. Throughout this multi-month Hellish ordeal, Plaintiff felt so scared for her life that she made numerous police reports indicating the sadism in both Edward Lucas and N.D. moved into a hotel because she could not go out of the house without Edward Lucas following her, she could not look outside her window without seeing Edward Lucas stalking her from the balcony of his mistress' apartment, and she could not engage in normal activities of daily living and self-love without being videotaped and harassed by N.D.. Plaintiff also had to get *additional* therapy as a result of being defamed by Edward Lucas, at the insistence of his haggard mistress N.D., to numerous business contacts at firms including Quantico Financial, Grant Thornton, KPMG, Amazon, and more. This has caused considerable emotional distress and financial disruption to Plaintiff. Plaintiff's total bills for therapy and hotel fees exceed the tens of thousands and these are expenses that cannot morally be charged to Amar, as Edward Lucas and his mistress N.D. should have to shoulder this burden in the interest of restorative justice. Plaintiff was unable to work for months due to the psychological torment from both Edward Lucas and his mistress N.D.

    Plaintiff has found a highly experienced trial lawyer who is willing to take her case on a retainer basis. He is admitted and authorized to practice in the Southern District of Florida, has extensive trial experience, and knows how to protect attorney-client privilege as an upstanding member of the legal profession. Plaintiff requests permission for him to file an entry of appearance and to conduct the remainder of this case on her behalf in the interest of focusing on her health and wellbeing.

DATED this 16th day of October 2020.

By: _____
Jane Koe, LLM/MBA 2021
Plaintiff *Pro Se*
7750 Okeechobee Blvd., Ste. 4-481
West Palm Beach, FL 33411
United States of America
janekoelitigation@icloud.com
Phone: (929) 400-7746

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in person by process server on October 16, 2020 at the Southern District of Florida West Palm Beach Clerk of Court Office. PACER electronic records will be updated in due course and sent to all counsel and parties on record.

**UNITED STATES SERVICE LIST**

Pierre Zarokian, 1201 N. Pacific Ave 103, Glendale CA 91202, United States
Defamation Defenders, LLC., 4845 Pearl East Circle Suite 101, Boulder CO 80301, United States Scott Breitenstein, 29 Bidleman St, Dayton OH 45410, United States
Web Presence, LLC d/b/a Net Reputation, 150 SW 12th Ave Suite 340, Pompano Beach FL 33069, United States
Kevin Angileri, 6391 W Shannon Street, Chandler AZ 85226, United States
Michael Schern, 1640 South Stapely Drive Suite 132, Mesa AZ 85204, United States
Minc Law, 200 Park Avenue Suite 200, Orange Village OH 44122, United States
RepZe, 9615 E County Line Road Suite B#444, Centennial CO 80112, United States
Marca Global, LLC. d/b/a InternetReputation.com, 7100 East Belleview Avenue Suite 310, Greenwood Village CO 80111, United States

**INTERNATIONAL SERVICE LIST**

Amar Chander Maini, 9 Jamberoo Ave, Baulkham Hills, NSW 2153 Australia
Guaranteed Removals, 3425 Harvester Road, Suite #200, Burlington, Ontario L7N 3M7, Canada
Amarutu Technology One Island East, Level 23, 18 Westlands Road Hong Kong, Hong Kong Internet Removals, 130 Bundall Road, Level 3 Bundall, QLD 4217 Australia
James John, 130 Bundall Road, Level 3 Bundall, QLD 4217 Australia
Jim Burns, 130 Bundall Road, Level 3 Bundall, QLD 4217 Australia
Vikram Parmar aliases Matt Hamp and Martin Horan Unknown Address, Bangladesh
Ronald Linco - send registered (2), Level 23, One Island East, 18 Westlands Road, Quarry Bay, Hong Kong and P.O. Box 8016, Mont Fleuri, Victoria, Mahe, Seychelles
Matt, Expert Removals, P.O. Box 8016, Mont Fleuri, Victoria, Mahe, Seychelles

By: _____
Jane Koe, LLM/MBA 2021
Plaintiff *Pro Se*
7750 Okeechobee Blvd., Ste. 4-481
West Palm Beach, FL 33411
United States of America
janekoelitigation@icloud.com
Phone: (929) 400-7746