**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:20-CV-80147-ROSENBERG/REINHART**

JANE KOE,

    Plaintiff,

v.

AMAR CHANDER MAINI, et al.

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

    This cause comes before the Court on the Motions to Dismiss Plaintiff Jane Koe's Second Amended Complaint by Defendants Kevin Angileri [DE 39] and Marca Global, LLC [DE 41]. Defendants argue that the Court does not have personal jurisdiction over them, and the Court agrees for the reasons stated herein. The Motions are ripe for review.

### I.    BACKGROUND

    Plaintiff Jane Koe is a law student and has brought this lawsuit under a pseudonym.[1] In her Second Amended Complaint, she alleges she has been the victim of coordinated, country-wide online harassment by various individuals and websites and corporations that are paid to remove internet postings upon request. DE 15. Defendant Marca Global, LLC ("Marca") is an online reputation management corporation and Defendant Kevin Angileri ("Angileri") is an individual who Plaintiff claims owns one of the websites involved in the alleged conspiracy against her. DE 15 at 9. Plaintiff accuses both Defendants of, *inter alia*, racketeering, spreading false information

---

[1] The facts are taken from the Second Amended Complaint [DE 15] and accepted as true.

on the internet, tortious interference of business, civil conspiracy, and violating Florida's Deceptive and Unfair Trade Practices Act. DE 15 at 9, 44-48. Marca and Angileri have moved to dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction. DE 39; 41.

## II.   DISCUSSION

### A. Legal Standard

A plaintiff has the initial burden of pleading sufficient material facts to establish a prima facie case of personal jurisdiction. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). The plaintiff establishes a prima facie case of personal jurisdiction by presenting sufficient evidence to withstand a motion for directed verdict. *See id.* The defendant then must "raise[ ], through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir. 1996) (quotation marks omitted). If the defendant does so, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.* (quotation marks omitted); *see Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (noting that, if the defendant makes a showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.").

For a district court to have personal jurisdiction over a non-resident defendant: (1) the forum state's long-arm statute must provide a basis for exercising jurisdiction; and (2) exercising jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The extent of the long-arm statute is governed by Florida law, and federal courts must construe it as would the Florida Supreme Court. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citation

omitted).

Under Florida's long-arm statute, Fla. Stat. § 48.193, a non-resident can be subject to specific personal jurisdiction if the claim asserted against the defendant arises from the defendant's contacts with Florida, and those contacts fall within one of the nine categories enumerated in the statute. The non-resident defendant's actions fall within the statute if it does one of the enumerated acts and the plaintiff's claim "arose from" that act. *Caiazzo v. American Royal Arts Corp.*, 73 So. 3d 245, 256 (Fla. Dist. Ct. App. 2011). For a plaintiff's claim to arise from the defendant's actions, there must be a "direct affiliation, nexus, or substantial connection" between the basis for the plaintiff's claim and the defendant's activity in the state. *Ferguson v. Estate of Campana*, 47 So. 3d 838, 842 (Fla. Dist. Ct. App. 2010). The Court construes Plaintiff's Second Amended Complaint to assert that Marca and Angileri are subject to jurisdiction under subsections (1)(a)(1) and (1)(a)(2) of Florida's long-arm statute, which provides:

> (1)(a) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.

Fla. Stat. §§ 48.193 (1)(a)(1)-(2).

### B. Plaintiff Has Made a Prima Facie Showing of Personal Jurisdiction

In her Second Amended Complaint, Plaintiff first argues that she has jurisdiction over

Marca and Angileri because their conduct "emanate[d] from a conspiracy" directed by certain Defendants, including Angileri. DE 15 ¶ 33. Second, she alleges that there is personal jurisdiction over Defendants "engaged in the mining of personal information from Plaintiff's social media profiles and pageant award websites because, based on information and belief, they sell that content to other websites and mine Florida residents' personal identifying information, thereby expressly aiming or targeting their tortious conduct at Florida." *Id.* The Court construes the Second Amended Complaint as alleging that Angileri is engaged in the "mining" of her personal information, although he is not mentioned by name. Plaintiff alleges that Angileri, among others, played an important part in the reposting of the alleged libel about her onto various "Bashing Websites," many of which Plaintiff accuses Angileri of owning. *Id.* at ¶ 55. Third, Plaintiff claims that there is personal jurisdiction over the "Removal Sites" because they generate "clients" from the tortious acts of the "Bashing Websites" occurring within Florida. *Id.* at ¶ 33. The Court construes the Second Amended Complaint as alleging that Marca is a "Removal Site," although it is not mentioned by name.

The Court understands Plaintiff's position to be that there is personal jurisdiction over Angileri and Marca pursuant to subjections (1)(a)(1) and (1)(a)(2) of Florida's long-arm statute. Fla. Stat. §§ 48.193 Specifically, Plaintiff argues that the Court has jurisdiction over: (1) Angileri because the websites that he allegedly owns commit tortious conduct in Florida and generate business in Florida, and (2) Marca because Marca allegedly receives its clients as a result of the tortious conduct Angileri and other Defendants allegedly committed in Florida. The Court finds that the totality of Plaintiff's allegations, accepted as true and viewed in the light most favorable to Plaintiff, are sufficient to establish a prima facie case of personal jurisdiction over Angileri and Marca.

4

### C. Defendants' Affidavits are Sufficient to Shift the Burden Back to Plaintiff

When a plaintiff has made a prima facie showing of personal jurisdiction, a defendant may disprove such with appropriate affidavits and, through such rebuttal, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs*, 447 F.3d at 1360. Here, in their Motions to Dismiss, Marca and Angileri have both filed affidavits disputing the Court's personal jurisdiction over them. *See* DE 42-1; 58.

In its affidavit, Marca asserts the following: It has no contacts with the State of Florida that would give rise to personal jurisdiction. *See* DE 42-1. Marca is a small business located in Greenwood Village, Colorado that assists individuals and companies with improving their online visibility. *Id.* ¶ 1. Marca does not operate, conduct, engage in, or carry on any business within Florida. *Id.* ¶ 6. Marca does not have an office or agency in Florida and Marca has not committed a tortious act within Florida or that was aimed at or caused an injury in Florida. *Id.* ¶ 6. Marca does not have and never has had actual knowledge of or any acquittance with any other defendant. *Id.* ¶ 10. Marca did not knowingly have a business relationship of any kind with Plaintiff. *Id.* ¶ 12. Marca has not knowingly (i) accessed Plaintiff's social media profiles; (ii) accessed, possessed, or used Plaintiff's identifying information; (iii) advertised on any of the Bashing Websites that Plaintiff's information appeared on; (iv) sent any advertising information directly to Plaintiff; (v) been hired by Plaintiff to remove any information; or (vi) accepted any fees from Plaintiff. *Id.* ¶ 11.

Angileri asserts in his affidavit the following: He has had no contacts with the State of Florida giving rise to personal jurisdiction. *See* DE 58. Angileri does not live in Florida, has no business connection to the state, and owns nothing in the state. DE 58 ¶ 5; 59 ¶ 1. He does not own

or control any of the Bashing Websites that Plaintiff claims harassed her. DE 58 ¶ 2. He has not committed a tortious act within Florida or that was aimed at or caused an injury in Florida. *See* DE 59 ¶¶ 2-3.

Together, Marca and Angileri have produced evidence that their conduct does not fall within any of the enumerated categories listed in Florida's long-arm statute that would subject them to the jurisdiction of this Court. Specifically, they have sworn that they do not operate, conduct, engage in, or carry on a business or business venture in Florida and have committed no tortious act within Florida. Fla. Stat. §§ 48.193 (1)(a)(1)-(2). Thus, the Court concludes that the facts set forth in Marca's and Angileri's affidavits are sufficient to shift the burden to Plaintiff to provide counter-evidence contesting personal jurisdiction.

### D. Plaintiff Failed to Provide Sufficient Counter-Evidence

As the Defendants have produced evidence showing that the Court lacks jurisdiction over them under the long-arm statute, Plaintiff is "required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne,* 795 F.2d at 972. Plaintiff has failed to meet that burden for the following reasons: (1) she responded with procedurally defective counter-affidavits; (2) none of the allegations in her Responses are based on personal knowledge; rather they are based on pure speculation; and (3) her allegations fail to allege any act on the part of Marca or Angileri that would subject them to this Court's jurisdiction pursuant to Florida's long-arm statute. For these reasons, the Court finds that there is lacks personal jurisdiction over Marca or Angileri.

#### *1. Plaintiff's Responses are Procedurally Deficient*

Rather than provide counter-affidavits, Plaintiff attempted to provide her counter-evidence

in the form of Responses under penalty of perjury pursuant to 28 U.S.C. § 1746. *See* DE 49; 53. This statute allows a plaintiff's unsworn declaration to be considered in lieu of a sworn affidavit subscribed to before a notary public. However, for the Responses to have the same force as counter-affidavits, the Plaintiff was required to comply with the language of 28 U.S.C. § 1746. She did not.

For a declaration to be properly subscribed to pursuant to 28 U.S.C. § 1746, the declaration must be in "substantially" the following form: "I declare (or certify, verify or state) under the penalty of perjury that the foregoing is true and correct," followed by a date and a signature. 28 U.S.C. § 1746(2). Plaintiff did not make her declaration in "substantially" the form required by the statute because she failed to swear to the veracity of her statements and failed to sign and date her declaration. *See* DE 49; 54. Numerous courts have found the type of language used in Plaintiff's declarations not to be in substantial compliance with 28 U.S.C. § 1746, and have disregarded such declarations for that reason. *See, e.g., Satterwhite v. Dy*, No. C11-528 RAJ, 2012 WL 748287, at *2 (W.D. Wash. Mar. 5, 2012) (striking declarations because "they do not attest that their statements are true and correct as required by 28 U.S.C. § 1746."); *Cobell v. Norton*, 310 F. Supp. 2d 77, 84 (D.D.C.2004) (finding that a statement of truth is required); *Kersting v. United States*, 865 F.Supp. 669, 676–77 (D. Haw. 1994) (finding that a necessary element is that the unsworn declaration states that the document is true).

Plaintiff's Responses, therefore, cannot be treated as counter-affidavits and as such, the Defendants' supporting affidavits are undisputed. However, Plaintiff's failure to provide counter-affidavits is but one of three bases for granting the Defendants' Motions to Dismiss. Even if the Court were to consider Plaintiff's filings as properly sworn, Defendants' Motions are granted for the following additional reasons discussed below.

### 2. *Plaintiff's Responses are not Based on Personal Knowledge*

In order for an affidavit to be support an opposition to a motion to dismiss for lack of personal jurisdiction, it must "set forth specific factual declarations within the affiant's personal knowledge." *See Posner v. Essex Ins. Co*, 178 F.3d 1209, 1215 (11th Cir. 1999) (per curiam). A party cannot meet its evidentiary burden by submitting affidavits asserting only "conclusory assertions of ultimate fact." *Id*.

Plaintiff's Responses to Defendants' Motions to Dismiss contain both factual assertions and argument. As best as the Court can construe, what Plaintiff relies upon to defeat Defendants' affidavits is speculation rather than facts based on personal knowledge. As an example, Plaintiff alleges that Angileri owns seventeen Bashing Websites, but she neither states that she has personal knowledge of this fact nor explains how she has personal knowledge of this fact; further, she does not explain how ownership of websites that have global reach subject Angileri to personal jurisdiction in this district. DE 49 at 5-6; *see, e.g.*, *Luigino's Int'l, Inc. v. Miller Int'l Foods, Inc.*, No. 6:07-cv-769-Orl-31KRS, 2007 WL 1576363, at *1 (M.D. Fla. May 30, 2007) (dismissing claim against CEO where there were no allegations to support personal jurisdiction over him in his individual capacity). Plaintiff alleges that Marca's websites are designed to draw business from this District, but she has no personal knowledge of that fact. *See* DE 53 at 6-7. Thus, all of Plaintiff's allegations pertinent to jurisdiction must be disregarded by the Court for lack of personal knowledge. Even if the Court were to accept all of Plaintiff's allegations as true based on personal knowledge, her arguments still fail.

### 3. *Plaintiff's Arguments Fail as a Matter of Law*

#### a. **Plaintiff's Response to Marca**

In Plaintiff's Response to Marca, without actually mentioning Florida's long-arm statute,

she argues that the Court has jurisdiction over Marca because Marca conducts and engages in business in Florida pursuant to subsection (1)(a)(1) and committed tortious activity in Florida as set forth in subsection (1)(a)(2). *See* Fla. Stat. §§ 48.193 (1)(a)(1)-(2). She notes that, according to Marca's website, Marca's services "apply to small and medium sized business owners from throughout the United States" and "based on information and belief, Marca has had numerous clients from the Southern District of Florida, all of whom paid for Marca's services from credit cards registered to bank accounts located in the Southern District of Florida." DE 53 at 5-6. She further argues that Marca is a "global company, with a global presence, a global and highly connected Board of Advisors, and as such, it *may be argued* that they have 'purposefully directed' their website internetreputation.com at residents of the forum." *Id* at 6 (emphasis added). And finally, she argues that "Marca *does* maintain contacts with the forum…. [b]ecause the Removal Website Marca owns, internetreptuation.com, is believed to have a presence in the Southern District of Florida, reach residents in the Southern District of Florida, and appeal to the residents in the Southern District of Florida seeking to remove their names," such that "one might even argue" that Marca's websites "are designed to draw business from the Southern District of Florida." *Id.* at 7.

The Court is simply unable to glean from Plaintiff's Response any non-conclusory allegation that Marca operated, conducted, engaged in, or carried on any business within Florida. While active internet solicitation may subject a defendant to personal jurisdiction, "the mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum." *Fraser v. Smith*, 594 F.3d 842, 847 (11th Cir. 2010) (citations omitted). "Though the maintenance of a website is, in a sense, a continuous presence everywhere in the world," the website's contacts

with Florida must be "substantial" to confer jurisdiction. *See id.* Plaintiff concludes, from viewing Marca's website page, that because Marca has a "global presence," "it may be argued that it has 'purposefully directed' its website internetreputation.com at residents" of Florida and that "one might even argue" that Marca's websites "are designed to draw business" from Florida. DE 53 at 5-7. Plaintiff does not dispute that *she* sought out Marca's services—not the inverse—and then she opted not to use them. *See* DE 40 at 2. Even if Marca's business was targeted at Florida, Plaintiff fails to allege how her claims "arose" from that business or any other action Marca has taken in Florida, as is required under the long-arm statute. *See Caiazzo*, 73 So. 3d at 256.

Plaintiff also fails to allege any specific, factual, and non-speculative evidence that Marca committed a tort in the state of Florida. *See* DE 53. Rather, it is undisputed that Plaintiff approached Marca to utilize its services, and then chose to proceed with a different Removal Website. Despite Plaintiff's lengthy Second Amended Complaint and Response to Marca's Motion, the Court cannot construe from her filings what *specifically* she has accused Marca of and what personal knowledge she has leading to her conclusion that Marca committed tortious activity in this state. Thus, the Court concludes it has no jurisdiction over Marca.

### b. Plaintiff's Response to Angileri

Plaintiff again, without actually mentioning Florida's long-arm statute, argues that this Court has jurisdiction over Angileri because Angileri conducts and engages in business in Florida pursuant to subsection (1)(a)(1) and committed tortious activity in Florida under subsection (1)(a)(2). *See* Fla. Stat. §§ 48.193 (1)(a)(1)-(2). Plaintiff argues that "Defendant does conduct business in Florida, because he owns at least seventeen Bashing Websites that scrape content from other websites, and he may or may not also own a Removal Website." DE 49 at 4. She furthers claims that Angileri maintains contacts with Florida because "the Bashing Websites he is believed

10

to own have a presence in the Southern District of Florida, reach residents in the Southern District of Florida, and cause residents in the Southern District of Florida to face tremendous suicidal ideation and emotional distress as a result of their name and libel listed on such salacious postings." *Id.* at 6. She also argues that Angileri "generates considerable business" from Florida as the owner of the Bashing Websites. *Id.* at 6.

As with Marca, the Court is unable to glean any non-conclusory allegation that Angileri operated, conducted, engaged in, or carried on any business within Florida at the time of the alleged offenses. Most of Plaintiff's jurisdictional allegations against Angileri are based on his role as the alleged owner of the Bashing Websites. However, many courts have held that "the acts of a corporate employee performed in a corporate capacity do not form a sufficient basis for jurisdiction over the corporate employee in his individual capacity." *See, e.g.*, *Luigino's Int'l, Inc. v. Miller Int'l Foods, Inc.*, No. 6:07-cv-769-Orl-31KRS, 2007 WL 1576363, at *1 (M.D. Fla. May 30, 2007) (dismissing claim against CEO where there were no allegations to support personal jurisdiction over him in his individual capacity); *D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.*, 146 F. Supp. 2d 1274, 1278 (M.D. Fla. 2001) (same); *see also Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974) ("It is settled that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation."). Thus, even if the Court views the facts in the light most favorable to the Plaintiff and finds that Angileri is the owner of the seventeen Bashing Websites and that those websites generated revenue in Florida, there is still no basis for the Court to exercise personal jurisdiction over Angileri in his individual capacity simply because he owns the websites.

Similarly, the Court has no basis to exercise jurisdiction over Angileri for committing tortious activity in his individual capacity. In his affidavit, Angileri attests that he has never

11

directed the Bashing Websites or any internet activity, tortious or otherwise, into Florida. *See* DE 58. In her Response, Plaintiff does not attempt to attest that Defendant individually committed tortious activity in the state of Florida. Rather, she simply asserts that Angileri's contacts with this forum stem from his ownership of the Bashing Websites that committed the tortious activity. Thus, the Court concludes it has no jurisdiction over Angileri.

Because the Court finds that jurisdiction over Marca and Angileri is not appropriate under Florida's long-arm statute, "a lengthy due process inquiry is not necessary." *Carmouche v. Carnival Corp.,* 36 F. Supp. 3d 1335, 1344 (S.D. Fla. 2014). The Due Process Clause "imposes a more restrictive requirement than does Florida's Long-Arm Statute," thus, a finding that a defendant is not subject to jurisdiction under Florida law means that jurisdiction is also inappropriate under the Due Process Clause. *Melgarejo v. Pycsa Pan., S.A.,* 536 F. App'x 852, 860 (11th Cir. 2013). Therefore, Plaintiff's claims against Marca and Angileri must be dismissed.[2]

### E. Plaintiff is not Entitled to Jurisdictional Discovery

In light of Plaintiff's lack of evidence to rebut Marca's affidavit, Plaintiff, in her Response to Marca's Motion, requests additional discovery. *See* DE 53 at 6; 8. Plaintiff has failed to move for jurisdictional discovery through a motion, nor did she explain in her filings what facts she wishes to discover if given the opportunity; thus, the Court would be within its discretion to deny Plaintiff's request for jurisdictional discovery. *See Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019) (upholding the district court's decision to deny "requests" for jurisdictional discovery when the party "buried such requests in its briefs," instead of presenting them in a motion) (quoting *United Techs. Corp v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir.

---

[2] Plaintiff also complains that Defendants neglected to meet and confer with her prior to filing their Motions to Dismiss. Local Rule 7.1(a)(3) does not require a meet and confer prior to the filing of certain motions, including motions to dismiss for lack of personal jurisdiction.

2009)).

Even on the merits, Plaintiff has not demonstrated her entitlement to jurisdictional discovery. "The right to jurisdictional discovery is a qualified one, available 'when a court's jurisdiction is genuinely in dispute.'" *Wolf v. Celebrity Cruises, Inc.,* 683 F. App'x 786, 792 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 730 (11th Cir. 1982)). "Such discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" *Id.* (quoting *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.,* 395 F.3d 1275, 1283 (Fed. Cir. 2005)). Plaintiff has not identified a genuine factual dispute that warrants jurisdictional discovery. Additionally, Plaintiff has failed to demonstrate that she has made *any* effort in the ten months that have passed since the filing of her original Complaint to begin the discovery process. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (affirming the district court's dismissal for lack of personal jurisdiction before discovery was taken where plaintiff never formally moved for jurisdictional discovery but included the request as a proposed alternative in response to a motion to dismiss, did not serve notices for depositions, and did not take formal action to compel discovery); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (affirming the district court's denial of jurisdictional discovery when no efforts had been made in the eight months between the filing of the complaint and the time it was dismissed, plaintiffs' only allusion to discovery was on the first page of their response to the motion to dismiss, and plaintiffs "failed to specify what they thought could or should be discovered"). No further discovery is therefore permitted.

### F. CONCLUSION

Thus, because Plaintiff failed to provide counter evidence to refute the affidavits of Marca

and Angileri, because Plaintiff failed to assert factual allegations based on personal knowledge in her intended counter-affidavits, and because Plaintiff failed to allege that Defendants' actions fall under any of the enumerated acts of Florida's long-arm statute that would subject the Defendants to jurisdiction in this forum, she has failed to meet her burden and no evidentiary hearing is required. *See Abramson v. Walt Disney Co.*, 132 F. App'x 273, 277 (11th Cir. 2005).

Accordingly, it is therefore **ORDERED AND ADJUDGED** that the Motions to Dismiss for Lack of Personal Jurisdiction by Defendants Kevin Angileri and Marca Global, LLC are **GRANTED** insofar as the Court lacks personal jurisdiction as more fully discussed above. Kevin Angileri and Marca Global, LLC are **DISMISSED** from this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of October, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record