UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-CV-80147-ROSENBERG/REINHART

JANE KOE,

    Plaintiff,

v.

AMAR CHANDER MAINI,

    Defendant.

_____/

FILED BY cvs D.C.

FEB 01 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFF'S STATUS REPORT RE: SERVICE OF DEFENDANT MAINI.

COMES NOW Plaintiff Jane Koe ("Plaintiff") offering this statement regarding the status of service on Defendant Amar Chander Maini pursuant to Court's orders dated November 2, 2021 and January 6, 2021. In total, Plaintiff has made nine (9) months of service attempts, with successful service rendered in Australia on January 29, 2021. Plaintiff filed all relevant Proof of Service documents to the Court via process server on January 29, 2021, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure. Plaintiff has perfected service as per Rules 4(d)(7), 4(e), 4(f), 4(l), and 4(m) and has prosecuted as per Rule 41(b), both of the Federal Rules of Civil Procedure.

### PROCEDURAL BACKGROUND

Plaintiff initiated this action on January 31, 2020. The Clerk of Court issued an unstamped summons to Defendant Amar Chander Maini on January 31, 2020 and a stamped summons on April 29, 2020 for her Second Amended Complaint at Law. Plaintiff attempted service on Maini via RPost registered email on April 29, 2020 and April 30, 2020, before learning that service over email in the United States is not accepted as it is in British Commonwealth countries, where she is studying English Common Law.

After completing her exams in June 2020, Plaintiff attempted to serve a copy of her Second Amended Complaint at Law via the Hague Convention route by asking her cousin sister to drop off the request letter and copies in the Australian Capital Territory. Unfortunately, due to the Covid-19 pandemic, the Australian Attorney General's office refused to let Plaintiff's cousin sister into the building to effect service. As a result, Plaintiff then asked her cousin sister to mail

the letter and two copies of the complaint to the Australian Attorney General's office to effect service. Plaintiff had reason to believe the Attorney General's office was working on effecting service on Maini until she realized he had not yet been served. When Plaintiff received further instruction in two separate Court Orders dated November 2, 2020 and January 6, 2021 to provide a status update to the Court by February 1, 2021 regarding service on Maini, she asked her cousin sister to request her Sydney and Melbourne-based solicitor friends re-attempt private service on Maini throughout November 2020, December 2020, and January 2021.

      Maini is aware of this legal action against him. Maini has continued his internet torture campaign on Plaintiff in spite of Plaintiff suing him. Maini continues to retaliate and abuse Plaintiff through digital means using his advanced computer science knowledge base. On January 2, 2021, Maini hacked Plaintiff's Venmo account; on January 6, 2021, Maini created another alias called "Kenneth W." to hack into her Chime bank account rendering her debit card useless and stealing so much money the bank suspended her account. On January 8, 2021, Maini hacked Plaintiff's iPhone via remote keylogging, not only canceling her entire phone service through Vodafone, but also leaving her without a working and functioning cell phone while she is in Turkey, a developing country. On January 12, 2021, Maini then hacked Plaintiff's Mac email account, which she uses for both personal and business reasons, and Plaintiff could not get back in until January 21, 2021. Maini has continued applying for new bank accounts and credit cards in Plaintiff's name, leaving Plaintiff no choice but to use the domestic violence route to secure a new social security number to begin rebuilding her now-tattered credit score.

      Additionally, on January 20, 2021, Plaintiff began displaying Covid-19 symptoms and has been on social isolation bedrest in her hotel room since then. Plaintiff has continued facing a tremendous combination of financial abuse, emotional abuse, and developing Covid-19 abroad without any payment option other than PayPal—which is not accepted in Turkey—as all of her bank accounts are closed and PNC Bank would not let Plaintiff's mother Monika Koe open a joint account on behalf of Plaintiff. As a result, Plaintiff was totally unable to make concerted service efforts between January 6 to January 26, 2021 and may have to end her manufacturing objectives to return to the United States earlier than expected via Expedia, which is the only booking site that offers PayPal as a payment option.

      Maini's abusive, criminal conduct has left Plaintiff without any functioning debit or credit card while abroad in Istanbul, Turkey, where she is overseeing the manufacture of her

archaebacteria supplement invention for patients with a rare metabolic disorder. In lieu of a lucrative acquisition opportunity to sell her intellectual property, Plaintiff has decided to distribute all treatments free of charge for life for this marginalized patient population. Manufacturing the supplement in Turkey is more cost-effective than manufacturing the supplement in the United States. Returning home for several days may be the only way to open a new bank account that Maini cannot hack as Plaintiff is unable to pay suppliers via Xoom, a PayPal bank transfer service unsupported in Turkey. Maini's activities have not only affected Plaintiff but also the thousands of patients relying on Plaintiff to ensure they receive the free supplement treatment they deserve.

Upon regaining some energy on January 26, 2021, Plaintiff began researching private process companies by contacting those in her network. A friend who works as an associate at Ashurst referred Plaintiff to top-tier private process server company ServeDoc Pty Ltd and she retained them on January 27, 2021. Hiring ServeDoc Pty Ltd. was the right choice. Not only did ServeDoc effect service on Maini's two work addresses—where he uses at least one alias—and his home address, but also ServeDoc served the Hague Convention on January 29, 2021. Immediately upon receiving all signatures from servers, Plaintiff had her Florida-based private process server file copies of the proof of service plus two affidavits in Court on January 29, 2021. Plaintiff believes the Attorney General's office will serve Maini through their procedures now that they have been served all documents correctly and within the one-year recommended timeframe to serve a foreign defendant.

### SERVICE HAS BEEN PERFECTED AS PER RULE 4

While Rule 4(c) of the Federal Rules of Civil Procedure mandates 90 days to serve a stateside Defendant, 4(c) does not offer timelines for serving a foreign defendant. Federal Rules of Civil Procedure Rule 4(m) states that the general time limit for service "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." Nevertheless, Plaintiff served Maini before the generally acceptable one-year time frame.

***Plaintiff has followed U.S. laws and Australian laws in perfecting service.*** Even though Federal Rules of Civil Procedure Rule 4(c) does state that all process is to be served by "the marshal, his deputy, or by a person appointed by the Court," Rule 4(c)(7) permits service "in the manner prescribed the law of the state in which the district court is held." Rule 4(e) also states that service beyond the state is permitted "under the circumstances and in the manner prescribed

in the statute or rule." Given that Maini is a citizen of New South Wales, Australia, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents for Australia Art. 5(1)(2), 10, 12, and 18 all apply, as do High Court Rules 2004 in the High Court of Australia, Federal Court Rules 2011 Part 10 in the Federal Court of Australia, Uniform Civil Procedure Rules 2005 in New South Wales, and Court Procedure Rules 2006 in Australian Capital Territory.

***Plaintiff has properly served Maini, a foreign defendant.*** Rule 4(f)(1), 4(f)(2)(a) and Rule 4(f)(2)(c)(i) of the Federal Rules of Civil Procedure permit the use of a private process server in serving a foreign defendant. Plaintiff had all documents served on the Australian Attorney General's office, satisfying the Rule 4(f)(1) requirement "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Next, Rule 4(f)(2)(a) clarifies that the method of service used must be "a method that is reasonably calculated to give notice as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." In this case, the equivalent forum is the Federal Court in Australia, subject to Federal Court Rules 2011, Part 10. Federal Court Rules Division 10.1 discusses personal service. Rule 10.1 covers service on an individual and states "a document that is to be served personally on an individual must be served by leaving the document with the individual." ServeDoc, the retained process serving company, exceeded this requirement. Rule 10.3 covers service on an unincorporated association—in this case, unincorporated publishing and pornography association "Viksith"—stating "a document that is to be served personally on an unincorporated association must be served at the principal place of business, or principal office, of the association by leaving the document with a person who (a) is apparently an adult and (b) appears to be engaged in the service of the association." Plaintiff ensured private process service on both of Maini's association addresses in both Sydney, NSW and Surry Hills, NSW in spite of his use of yet another new alias. Finally, Rule 4(f)(2)(c)(i) has been met as the process server "deliver[ed] a copy of the summons and of the complaint to the individual personally."

***Plaintiff has proved service.*** As per Rule 4(l)(1), Plaintiff provided two affidavits of service as well as signed summons proof of service forms. And as per 4(l)(2)(b), Plaintiff provided "other evidence satisfying the Court that the summons and complaint were delivered to

the addressee" by ensuring both process servers wrote and signed two affidavits and returned proof of service forms where they shared their geolocation.

In light of the above considerations, Plaintiff has met the Federal Rules of Civil Procedure Rule 4 requirements to perfect service by pursuing dual service by private process server and service by Hague Convention. Plaintiff was responsible for serving Maini not later than one year from January 31, 2020, and her process servers served Maini on January 29, 2021. As of February 1, 2021, service has been perfected as per Rule 4.

## PLAINTIFF HAS PROSECUTED AS PER RULE 41

Plaintiff has prosecuted and has complied with the Court order to file both a status report regarding her service efforts on Maini and all relevant proof of service documentation. District Courts can *sua sponte* dismiss a cause of action for failure to prosecute as per the finding in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-139, 8 L.Ed.2d 734 (1962). District Courts also have "authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules" as per the finding in *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995). As per Federal Rules of Civil Procedure Rule 41(b), "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiff has prosecuted, has complied with all rules in the Federal Rules of Civil Procedure, and has complied with the two orders dated October 30, 2020 and January 6, 2021.

Accordingly, Plaintiff humbly requests the Court to reopen her case.

RESPECTFULLY SUBMITTED and DATED this 1st day of February 2021.

By: _____
Jane Koe, law student
Plaintiff *Pro Se*
Lincoln's Inn Student #20200819
7750 Okeechobee Blvd, Suite 4-481
West Palm Beach, Florida 33411
Phone: (929) 400-7746
Email: janekoelitigation@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in person by process server on February 1, 2021 at the Southern District of Florida West Palm Beach Clerk of Court Office. PACER electronic records will be updated in due course and sent to counsel and party on record.

Amar Chander Maini
9 Jamberoo Ave.
Baulkham Hills, NSW 2153
Australia

RESPECTFULLY SUBMITTED and DATED this 1st day of February 2021.

By: _____
Jane Koe, law student
Plaintiff *Pro Se*
Lincoln's Inn Student #20200819
7750 Okeechobee Blvd, Suite 4-481
West Palm Beach, Florida 33411
Phone: (929) 400-7746
Email: janekoelitigation@icloud.com